**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| **EL PASO CHILDREN'S HOSPITAL** | § | |
| **CORPORATION,** | § | **CASE NO. 15-30784-HCM** |
| **DEBTOR.** | § | **CHAPTER 11** |
| | § | |
| **EIN: 26-3075429** | § | |
| | § | |
| **4845 ALAMEDA AVENUE** | § | |
| **EL PASO, TEXAS 79905** | § | |

**DEBTOR'S AMENDED RESPONSE TO MOTION TO COMPEL FINANCIAL AND ACCOUNTING INFORMATION FROM DEBTOR**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE H. CHRISTOPHER MOTT:

COMES NOW El Paso Children's Hospital Corporation ("EPCH" and/or "Debtor"), and files its Response to Motion to Compel Financial and Accounting Information from Debtor ("Response"). In support thereof, the Debtor would respectfully show as follows:

## I. INTRODUCTION

1. The Debtor has produced nearly 4,000 pages of responsive documents to UMC since the filing of this bankruptcy case, and prior to UMC's Motion. Furthermore, UMC[1] never informed the Debtor that it viewed the Debtor's production to be insufficient, and it gave no warning that it would be pursuing a motion to compel against the Debtor. Indeed with respect to UMC's document requests particular to cash collateral, such request was not properly made until the evening of July 1, 2015. As of the filing of this Response, the Debtor has already produced approximately an additional 500 pages to UMC. Given the foregoing, no need exists to compel the Debtor to produce documents to UMC. Indeed, even prior to the Petition Date, UMC had access to many of the same documents it has sought after the bankruptcy filing; and of course,

[1] El Paso County Hospital District d/b/a University Medical Center ("UMC").

due to the unusually close relationship between the two parties, the Debtor has been an open book with respect to UMC throughout the tenure of the parties' relationship.

## II. BACKGROUND

2. On May 19, 2015 ("Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*. (as amended the "Bankruptcy Code"). The Debtor is a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this bankruptcy case, and no committee has been appointed or designated.

3. A description of the background of the Debtor and the events leading up to the filing of the voluntary petition by the Debtor, is provided in the Declaration of Mark Herbers in Support of First Day Motions ("Herbers Declaration") [Dckt. No. 12] which is incorporated herein by reference.

4. The Debtor is an independent non-profit 501(c)(3) corporation that is governed by a board of directors ("EPCH Board"), the sole mission of which has been to provide pediatric care to the children of El Paso and the surrounding areas. The Debtor's primary operations have consisted of owning and operating a 122-bed children's hospital.

5. On July 7, 2015, UMC filed its Motion to Compel Financial and Accounting Information from Debtor ("Motion to Compel") [Dckt. No. 137].

6. In its Motion to Compel, UMC seeks production of documents regarding the Debtor's financial and accounting information pursuant to the Second Interim Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection, and (III) Scheduling Final Hearing ("Second Interim Cash Collateral Order"), which was entered by this Court on

June 8, 2015 [Dckt. No. 69]. Because the Debtor has produced responsive documents to UMC, the Motion should be denied.

## III. RESPONSE

7. Despite the truncated time frame and UMC's failure to confer with the Debtor's counsel in a meaningful way, the Debtor has already complied with the requests made by UMC to it for documents in relationship to the Second Interim Cash Collateral Order.

8. On June 13, 2015, UMC filed its Motion for Examinations Under Federal Rule of Bankruptcy Procedure 2004 ("2004 Motion") [Dckt. No. 81]. Local Rule 2004(c) of the Local Rules of the Bankruptcy Court for the Western District of Texas ("Local Rules") provides that no such motion is required, and that the notice of intent need not be filed. Despite its awkward procedural posture, the Debtor agreed that it would accept the 2004 Motion as a 2004 Notice upon UMC's agreement as to its own notices of 2004 examinations. The 2004 Notice also requested production of documents from the Debtor.

9. On June 16, 2015, the Debtor served its Debtor's Notice of Rule 2004 Examination of the Representative of UMC ("UMC 2004 Notice"), and its Debtor's Notice of Rule 2004 Examination of James Valenti ("Valenti 2004 Notice," and together with the UMC 2004 Notice, "Debtor's 2004 Notices"). The Debtor's 2004 Notices also requested the production of documents from UMC. Subsequently, the Debtor and UMC agreed to a rolling production of documents, and in particular, the Debtor reduced the number of its document requests to UMC, at UMC's request.

10. UMC produced documents electronically to the Debtor on June 23, 2015. *See* Ex. A. The Debtor produced documents to UMC in response to the 2004 Notice on June 24, 2015, and produced additional documents on June 26, 2015 to UMC, for a total of nearly 4,000 pages of documents. *See* Ex. B. On July 8, 2015, the Debtor produced an additional 500 pages of

documents. *See* Ex. C. Each time the Debtor produced documents to UMC, the Debtor has provided UMC with a production log, highlighting the new documents being produced to facilitate UMC's review of documents. Indeed, the Debtor has not received any additional document production from UMC since June 23, 2015, despite the agreement between the parties, and UMC has not timely responded to the Debtor's inquiries concerning certain assertions made with respect to documents already produced by UMC to the Debtor.

11. Contrary to the implications in the Motion to Compel, the initial document request related to the Second Interim Cash Collateral Order by UMC was made by UMC's retained consultant, Deloitte Consulting LLP (the expert retained by UMC in this matter), directly to the Debtor's Chief Executive Officer, Mark Herbers ("Herbers") via an email from Deloitte to Mr. Herbers on June 26, 2015, with no copy to proposed counsel for the Debtor. Counsel for the Debtor did not receive the document request until it was forwarded from Mr. Herbers, and upon inquiry to UMC on the evening of June 26, 2015, after the second full day of mediation. In addition, upon inquiry to UMC as to what the document request was, proposed counsel for the Debtor was informed that the document request would be modified over the July 4, 2015 weekend, and the first modified request was the July 1, 2015 evening request.

12. On Wednesday, July 1, 2015 (in advance of a holiday weekend), the Debtor and UMC agreed to reduced document requests, as stated in the Motion to Compel. *See* ¶ 5. Given the holiday weekend, the Debtor first had personnel on the ground to compile and transmit responsive documents to the Debtor's proposed counsel for production on Monday, July 6, 2015, and indeed, produced responsive documents as soon as it was able to UMC on July 8, 2015.

13. The Debtor has produced responsive documents to UMC's document requests in good faith and has made reasonable efforts to do so as promptly as possible, all while managing

its bankruptcy case and continuing its operations as a children's hospital. The Debtor has *never* sought to evade any document request by UMC. Indeed, such efforts would likely be pointless as UMC has had ready access to financial information and other information about the Debtor sought now by UMC since at least during its due diligence completed in relation to the second failed mediation, and because of the unusual relationship between the parties, has had nearly unfettered access to the Debtor's documents. This bankruptcy case, and the dispute between the Debtor and UMC, is not a matter of resolution of a claim of a garden-variety creditor and a distressed debtor—this bankruptcy case seeks to resolve the claims that have arisen out of an atypical, codependent relationship of which UMC has been a part since before the Debtor opened its doors to its first patient.

14. Moreover, although the Motion to Compel contains a certificate of conference, no conference actually aimed at resolving the issues raised in the Motion to Compel was attempted or occurred, particularly with respect to UMC's asserted belief in the Motion to Compel that the Debtor had evaded its document requests or failed to respond. *See Whatley v. AHF Fin. Servs., LLC,* No. 4:11-cv-488, 2013 U.S. Dist. LEXIS 127414, at *7-8 (Bankr. E.D. Tex. Aug. 12, 2013) (stating that a certificate of conference that only set forth attempts to confer was an insufficient attempt to confer as it did not indicate a "meaningful, good faith attempt to confer and identify areas of agreement or disagreement"). Had a meaningful, good faith attempt to confer occurred or even been attempted, the Debtor believes that any outstanding issue relating to UMC's document requests could have been resolved between the parties. Indeed, the first time that the Debtor learned that UMC had any issue with its document production was upon service of the Motion to Compel on July 7, 2015, subsequent to the hearing on the continuance of the final hearing on cash collateral. The Debtor simply cannot fix what it does not know is broken; had

UMC informed the Debtor that it believed that the Debtor had not produced documents in an appropriate and timely manner, the Debtor would have taken immediate steps to address such concerns.

15. The Debtor has produced documents in its possession or control responsive to UMC's requests, the Motion to Compel should be denied in its entirety.

WHEREFORE, PREMISES CONSIDERED, the Debtor requests that the Court enter an order denying the relief requested in the Motion to Compel, and grant such other and further relief to the Debtor as the Court deems just.

Dated: July 9, 2015.

Respectfully submitted,

JACKSON WALKER LLP
100 Congress Avenue, Suite 1100
Austin, Texas 78701
(512) 236-2000 – Main Telephone
(512) 236-2002—Main Facsimile

By: /s/ *Jennifer F. Wertz*
Patricia B. Tomasco
State Bar No. 01797600
(512) 236-2076 – Direct Dial
(512) 691-4438 – Direct Fax
Email: ptomasco@jw.com

Jennifer F. Wertz
State Bar No. 24072822
(512) 236-2247 – Direct Dial
(512) 391-2147 – Direct Fax
Email: jwertz@jw.com

**PROPOSED COUNSEL FOR THE DEBTOR-IN-POSSESSION**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of July 2015, a true and correct copy was served via the Court's CM/ECF electronic notification system upon the parties listed below, and via United States Mail, postage prepaid upon the parties on the attached service list.

UNITED STATES TRUSTEE
Kevin Epstein, Trial Attorney
615 E Houston Street, Room 533
San Antonio, Texas 78205

Lou Strubeck
Liz Boydston
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7932

/s/ *Jennifer F. Wertz*
Jennifer F. Wertz